IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Amanda Braatz, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 3835 |
| Leading Edge Recovery Solutions, Inc., an Illinois limited liability company, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Amanda Braatz, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) one defendant is headquartered here and both Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Amanda Braatz ("Braatz"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt, which was owed for a Citibank account.

4. Defendant, Leading Edge Recovery Solutions ("LERS"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its headquarters in Chicago, Illinois, Defendant LERS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LERS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant LERS.

7. Defendants LERS and LVNV are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of

State, attached as Group Exhibit A.  In fact, both Defendants conduct business in Illinois.

8. Moreover, Defendants LVNV and LERS are each licensed as a collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Braatz fell behind on paying her bills.  At some point in time after a debt she owed to Citibank became delinquent, it was sold to debt buyer LVNV, which began trying to collect upon it, by having Defendant LERS send Ms. Braatz an initial form collection letter, dated August 23, 2010.  This collection letter stated: "Original Creditor CITIBANK", then stated "Creditor LVNV Funding LLC", and then stated LERS was trying to collect Ms. Braatz's "delinquent CITIBANK account".  Defendants' letter failed to explain what the relationship or difference was between the Original Creditor and the Creditor.  A copy of Defendants' letter is attached as Exhibit C.

10. A simple statement that "LVNV had bought the debt", or that it was the "current" creditor, would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

11. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

13. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Braatz with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

14. Defendants' form collection letter violates § 1692g(2) of the FDCPA because it failed to identify effectively that Defendant LVNV was the current creditor to whom the debt was owed.

15. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

16. Plaintiff, Amanda Braatz, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Citibank/LVNV account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendants LERS and LVNV regularly engage in debt collection, using the same form collection letter they sent Plaintiff Braatz, in their attempts to collect delinquent consumer debts from other consumers.

18. The Class consists of more than 35 persons from whom Defendants LERS and LVNV attempted to collect delinquent consumer debts by sending other

4

consumers the same form collection letter they sent Plaintiff Braatz.

19. Plaintiff Braatz's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Braatz will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Braatz has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Amanda Braatz, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Braatz as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Braatz and the Class, and against Defendants LERS and LVNV, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amanda Braatz, individually, and on behalf of all others similarly situated, demands trial by jury.

        Amanda Braatz, individually, and on behalf of all others similarly situated.

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated:  June 6, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com