

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3835 | **DATE** | October 20, 2011 |
| **CASE TITLE** | Braatz v. Leading Edge Recovery Solutions, LLC et al | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendants' Motion to Dismiss (doc. #15). Defendants are ordered to answer the Complaint on or before November 10, 2011. Status hearing set for November 16, 2011 at 9:30 a.m.

*Docketing to mail notice.*

## STATEMENT

Amanda Braatz sued Leading Edge Recovery Solutions and LVNV Funding alleging that they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Defendants move to dismiss.

Braatz alleges that she fell behind paying bills, including a debt owed to Citibank. Unbeknownst to Braatz, Citibank sold the debt to LVNV, which contracted with Leading Edge to collect the debt. Leading Edge sent Braatz a collection letter. The collection letter contained a box indicating an account number, a client reference number, a balance, and a creditor. In that box, Leading Edge indicated that the creditor was LVNV. In the text of the letter, however, Leading edge informed Braatz that her "delinquent CITIBANK account has been placed with our company for collections." Thus, the text of the letter identified a second creditor.

Section 1692g of the FDCPA requires debt collectors to make certain disclosures to consumers when attempting to collect a debt. 15 U.S.C. § 1692g. Among other things, a debt collector must identify the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2). Defendants argue that the collection letter, attached to Braatz's Complaint, clearly identifies LVNV as the creditor, and therefore Braatz cannot state a claim under the FDCPA

To be valid, a § 1692g notice, also known as a dunning letter, must be effective and communicate the required information to the debtor in a way that is not confusing. *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). When assessing whether a dunning letter is confusing, courts view the claim through the eyes of an unsophisticated consumer, which protects a consumer that is uninformed, naive, or trusting but maintains an objective element of reasonableness. *Id.* The FDCPA protects an unsophisticated consumer

U.S. DISTRICT COURT
CLERK,
2011 OCT 21 PH 12: 17
FILED-EDT



## STATEMENT

against confusion, regardless of the form it takes, including outright contradiction, literal overshadowing, or the failure to explain an apparent contradiction. *Olsen v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512 (7th Cir. 2004). However, as a matter of law, not every bizarre, peculiar, or idiosyncratic interpretation letter is sufficient to demonstrate a dunning letter violates § 1692g. *McMillan*, 455 F.3d at 758. At the same time, district courts should tread carefully before making such determinations on motions to dismiss because judges "are not good proxies for the 'unsophisticated consumer'" *Id.* at 759 (internal quotation omitted). Rather, whether a letter is confusing in violation of § 1692g is a question of fact that requires a "determination of how an unsophisticated consumer would perceive the letter." *Id.* Thus, typically, a complaint that alleges that a letter was confusing, which can later be proven through the use of consumer survey or other evidence, is sufficient to state a claim. *Id.* at 759-60; *see also Taylor v. Cavalry inv., LLC*, 365 F.3d 572, 574-75 (7th Cir. 2004).

In this case it is true that the notice explains that LVNV is the creditor. If that were the only statement regarding the identity of the creditor, the Court might indeed conclude that as a matter of law the dunning letter was not confusing. However, the notice also identifies the debt as belonging to Citibank. Thus the dunning letter identifies two creditors. This is an apparent contradiction that the debt collector fails to explain. An unsophisticated consumer might understand that LVNV had purchased the delinquent Citibank account. That is, however, but one plausible inference to be drawn from the letter. An unsophisticated consumer might just as reasonably conclude that she believed to be a single debt was now owed to two separate companies (LVNV and Citibank). Such confusion might cause an unsophisticated consumer to be concerned about the possibility she was being defrauded or that she might pay the incorrect creditor and continue to have outstanding debt. Discovery may reveal that the unsophisticated consumer may not be confused by the dunning letter's identification of two potential creditors, but that is a question of fact not suitable for resolution at this state of the litigation.. At this time, the Court must draw reasonable inferences in favor of the plaintiff. *Opp v. Office of State's Attorney of Cook County*, 630 F.3d 616, 619 (7th Cir. 2010).

The Court DENIES Defendants' Motion to Dismiss.

*Wm. J. Hibbler*