IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMANDA BRAATZ, etc., )
 )
        Plaintiffs, )
 )
  v. ) No. 11 C 3835
 )
LEADING EDGE RECOVERY SOLUTIONS,)
LLC, et al., )
 )
        Defendants. )

<u>MEMORANDUM ORDER</u>

This putative class action is one of the cases assigned at random to this Court's calendar after the untimely death of its good friend and colleague Honorable William Hibbler. After Judge Hibbler had denied defendants' motion to dismiss in late October 2011, counsel for named plaintiff Amanda Braatz ("Braatz") had filed two motions that were pending at the time of Judge Hibbler's death:

    1. Dkt. 24 was a motion for class certification, supported by a memorandum (Dkt. 25).

    2. Dkt. 29 was a motion for judgment on the pleadings or, alternatively, for the appointment of a "neutral consumer survey expert," and that too was supported by a memorandum (Dkt. 30).

Following this Court's entry into the case, it granted a brief extension for the filing of defendants' responses to the two motions. Then on receipt of those responses, it vacated the previously-entered requirement for a reply on Braatz's part.

Accordingly both motions are ripe for disposition.

As for the class certification motion, this Court finds defense counsel's opposition unconvincing. To that end it is unnecessary to rule on the ultimate substantive viability of the class claim--that will depend on the factfinders' resolution of disputed issues of fact. And suffice it to say that all of the criteria established by Fed. R. Civ. P. ("Rule") 23 for class certification have been met--certainly at this time.[1]

As for Braatz's other motion, the shoe is on the other foot. What has been said earlier as to the need for a factual resolution precludes the entry of an order for judgment on the pleadings. And as to the suggested alternative, this Court sees no predicate for the court appointment of an opinion witness (see, e.g., the discussion in Ledford v. Sullivan, 105 F.3d 354, 359-60 (7th Cir. 1997)).

In sum, the Dkt. 24 motion is granted, while the Dkt. 29 motion is denied. This Court has previously set a status hearing date, but any matters that need to be addressed in the interim may be brought on by appropriate notice.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 22, 2012

---

[1] As always, if further developments in the case were to show otherwise, decertification could be ordered.