```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

   AMANDA BRAATZ,                    )   No. 11 C 3835
                                     )
                 Plaintiff,          )   Chicago, Illinois
                                     )   April 26, 2012
                                     )   9:45 o'clock a.m.
   -vs-                              )
                                     )
                                     )
   LEADING EDGE RECOVERY             )
   SOLUTIONS, INC., et al.,          )
                                     )
                 Defendants.         )


            TRANSCRIPT OF PROCEEDINGS - STATUS
          BEFORE THE HONORABLE MILTON I. SHADUR

   APPEARANCES:

   For the Plaintiff:        PHILIPPS & PHILIPPS, LTD.
                             9760 South Roberts Road
                             Suite One
                             Palos Hills, Illinois 60465
                             BY:  MR. DAVID J. PHILIPPS

   For the Defendant:        HINSHAW & CULBERTSON, LLP
                             222 North LaSalle Street
                             Suite 300
                             Chicago, Illinois 60601
                             BY:  MR. NABIL G. FOSTER




   Court Reporter:           ROSEMARY SCARPELLI
                             219 South Dearborn Street
                             Room 2304A
                             Chicago, Illinois  60604
                             (312) 435-5815
```

| | |
|---|---|
| 1 | THE CLERK: 11 C 3835, Braatz versus Leading Edge. |
| 2 | Don't forget to ask them about that other motion. |
| 3 | MR. PHILLIPS: Good morning, Judge Shadur, Dave |
| 4 | Philipps for the plaintiff. How are you? |
| 5 | THE COURT: Fine. |
| 6 | MR. FOSTER: Good morning, your Honor, Nabil Foster |
| 7 | on behalf of the defendants. |
| 8 | THE COURT: Good morning. As you know, this is one |
| 9 | that I -- this is one of my inherited cases as a result of |
| 10 | the untimely death of my colleague and good friend Bill -- |
| 11 | Judge Hibbler. And I see a motion for judgment on the |
| 12 | pleadings. As you know, courts are really in a very poor |
| 13 | position to make judgments about what unsophisticated |
| 14 | consumers, which is the standard, are going to make out of |
| 15 | something, usually because judges are supposedly more |
| 16 | sophisticated and therefore they can -- they might draw |
| 17 | conclusions that -- as to the meaning that might be obvious |
| 18 | to them, although it wouldn't be obvious to others. |
| 19 | This one is a bit ironic because I will tell you |
| 20 | that, you know, having read and having looked at the stuff I |
| 21 | find the -- I do find that -- the matter quite ambiguous for |
| 22 | a reason that nobody seems to have picked up particularly, |
| 23 | and that has to do with the fact that the reference to |
| 24 | original creditor, as contrasted with creditor, occurs on a |
| 25 | document where the original creditor line, which is on the |

1  portion of the thing that if payment were to be made would be
2  sent back.
3       So look at the -- look at that one.  That gets sent
4  back with no identification of LVNV at all.  So what happens
5  is that if you were to look at that in terms of what is the
6  -- what does the sophisticated consumer make out of it, I
7  think the sophisticated consumer would say, oh, yeah, this
8  one is really nebulous and -- but the point is that that is
9  not the standard I guess that applies.
10      I do say, however, that it is very troublesome and
11 at a minimum it is a fact issue.  The idea of finding it as a
12 matter of law is troubling.  And so for that reason, you
13 know, I am not prepared to make judgment on the pleadings.
14      Now, the other part which has to do with the
15 appointment of a neutral consumer survey opinion witness, you
16 know, when I first read the -- what the 7th Circuit did when
17 it talked about that as being a standard, I had the same
18 reaction that, you know -- I know my -- the person whom I am
19 proud to call a friend used, although he was not the only
20 one, in one of his opinions for the Supreme Court, John Paul
21 Stevens, referred to the classic saying that the law is
22 majestic in its equality; it permits rich and poor alike to
23 sleep under bridges and beg for bread.
24      Well, that is the sort of thing -- I mean the idea
25 of saying, well, let's get a survey in order to do it,

1  recognizing that that is enormously expensive and really
2  seldom justified in the small claim consumer situation, but
3  that is what they said.
4        I don't think that I am in a position to have the
5  Court appoint somebody. I don't want to soak the plaintiff
6  with that responsibility. I suspect, frankly, that if this
7  case were to go to trial, it could be done in terms of a
8  presentation by each side and an argument, including the one
9  that I have just -- that I have just volunteered I guess for
10 the thing that to me makes this one for sure ambiguous for me
11 as the -- as -- not as the unsophisticated consumer.
12       So that is where I am on this -- on this lawsuit.
13 I don't know where that leaves you people. But tell me,
14 Mr. Philipps.
15       MR. PHILIPPS: What I would suggest is that we talk
16 about this and come back in a few weeks to see where that
17 does lead us to. I think your comments may help both of us
18 move the case forward.
19       THE COURT: Okay.
20       MR. PHILLIPS: And it can't hurt.
21       THE COURT: I am happy to do that. I have -- you
22 know, I really -- well, I think I have said everything I had
23 to say about the nature of the communication. Okay. So I
24 will be glad to do that. I will set it for a time frame --
25 and let me take a look. Two weeks from now is bad because

1   with the 7th Circuit conference occupying the first two days
2   of that week, everything is jammed up.  I have been setting
3   things for 8:30.
4              MR. PHILLIPS:  And we can nail down at some point
5   later --
6              THE COURT:  How about -- how about either -- I
7   think, Sandy, among the 16th, 17th and 18th -- no, 16th and
8   17th, I think that may not be full up.  What does that look
9   like?  That is the Wednesday and Thursday.
10             THE CLERK:  Yeah, the 16th is probably okay.
11             MR. PHILLIPS:  16th is good with my calendar,
12  Judge.  8:30?
13             THE COURT:  No, I think we can maybe do it 9:00
14  o'clock, Sandy, right?
15             MR. PHILLIPS:  Oh, I am happy to come whenever.
16             THE COURT:  How -- 9:00 o'clock?
17             THE CLERK:  That is fine.
18             THE COURT:  So 9:00 o'clock -- then this is entered
19  and continued until 9:00 o'clock on Wednesday, May 16th.
20       (Discussion held off the record.)
21       (Which were all the proceedings heard.)
22
23
24
25

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/Rosemary Scarpelli/          Date:  May 4, 2012